IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN ANDREW HOLIFIELD,          :

  Plaintiff,          :

vs.          :          CIVIL ACTION 07-0321-CG-C

MOBILE COUNTY SHERIFF'S DEPT.  :
OF MOBILE COUNTY, ALA., et al.,  :

  Defendants.          :

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Mobile County Metro Jail ("jail") proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 and 42 U.S.C. § 12132, the Americans with Disabilities Act ("ADA").  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that plaintiff's federal claims be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that the state law claims be dismissed without prejudice.

**I.  Nature of Proceedings.**

On February 20, 2008, at 10:00 a.m., at the United States District Court in Mobile, Alabama, a hearing was held in this action for the purpose of clarifying plaintiff's complaint as amended.  (Docs. 10 & 11).  Plaintiff's original complaint was not filed on

this Court's complaint form for a § 1983 action (Doc. 1), so plaintiff was ordered to file an amended complaint using the complaint form and was instructed not to rely on his prior complaint because the amended complaint would supersede it.  (Doc. 2).  Plaintiff filed an amended complaint using the form, but in response to most of the form's questions, plaintiff stated "everything ramain[sic] the same when 'I' frist[sic] file this complanit[sic] against both partie[sic]," "same," "same as above," or "N-A."  (Doc. 4 at 4).  Additional information about his claims was not provided in the amended complaint. Because the amended complaint relied on the prior complaint, thereby not complying with the Court's order, the Court held a hearing to clarify plaintiff's claims.

At the hearing, plaintiff appeared *pro se* as he had been released from incarceration.  Plaintiff indicated that the two defendants he wished to sue were the Mobile County Sheriff's Department and the Mobile County Jail Medical Care Unit. (Docs. 1, 4 & Hrg.).  Plaintiff was incarcerated at the jail for 47 days, April 3, 2007 to May 16, 2007.  (Hrg.).  His incarceration was brought about by his probation being revoked, which was allegedly done in error because he had already served his probation sentence, which was to an anger management program for his misdemeanor domestic violence conviction.  (Hrg.).  He appealed his revocation claiming that his sentence was already expired at the time of his arrest and subsequent probation revocation.  (Hrg.). After hearing plaintiff's appeal, Judge McDermott released plaintiff based on his time served.  (Hrg.).

During plaintiff's incarceration he was placed in the medical wedge because he

2

uses a wheelchair due to his right leg being amputated above the knee.  (Doc. 1 at 3).

Plaintiff also has been HIV positive for 21 years.  (Hrg.).  Immediately prior to this

incarceration, plaintiff was a patient for 135 days at Mobile Infirmary where he was

treated for gangrene, HIV, pneumonia, and spinal meningitis.  (Hrg.).  Because of staff

bacteria at the jail and his compromised immune system (Doc. 1 at 2-3), plaintiff believes

that he needed to have a shower every day to avoid infection.  (Hrg.).  He claims that the

medical wedge did not have a handicapped shower.  (Hrg).  That is, the shower did not

have handrails inside of it and did not have forty-five degree ramp leading over the three-

and-one-half-inch concrete threshold.  (Doc. 1 at 5).  Instead, someone took plaintiff two

blocks to a shower in the medical unit, which had cold water, a shower chair, and

handrails, so he could shower.  (Hrg.).  Due to the distant location of the handicapped

shower in the medical unit, he did not receive a shower every day.  (Hrg.).  There were

fifty inmates in the medical wedge who needed to take showers within a two-hour period,

and of this number, ten were wheelchair-bound inmates who had to use the shower in the

medical unit.  (Hrg.).

Plaintiff asserts that the jail's handbook discriminates against him because it does

not refer to the handicapped or disabled.  (Doc. 1 at 10; Hrg.).  And the jail does not have

exits and signage for exits for handicapped inmates in the event of fire.  (Doc. 1 at 11;

Hrg.).  Plaintiff would like the jail to be like Limestone Correctional Facility, which was

especially built for inmates with medical problems, i.e., inmates who have handicaps and

those who are HIV positive.  (Hrg.).

When plaintiff arrived at the jail, he had to sleep on the floor without a mattress for one to two weeks until a bed became available downstairs because the beds were full upstairs. (Hrg.). He complained to Capt. Mitchell and Lt. Stallworth about this. He had to use the beds and toilet to pull himself up from the floor, (hrg.), due to the absence of handrails by his bed or by the toilet. (Doc.1 at 6). And there were no sheets, towels, or fresh water. (Doc. 1 at 4).

Prior to plaintiff's incarceration his physician was Dr. Cecil Crawford, who since 1997 prescribed 60 m.g. of morphine daily for plaintiff's chronic pain associated with HIV. (Hrg.). The jail, however, did not continue this medication because it was a narcotic and, according to a physician, plaintiff could not take what the jail offered because it was a generic medication. (Hrg.). While at the jail, plaintiff had a tooth extracted by the jail's dentist for which he received Darvocet; this is the medication that he took for pain. (Hrg.). Plaintiff also suffers from gout and arthritis, which were the causes for the amputation of his right leg on February 12, 2006. (Hrg.). And plaintiff was previously diagnosed in August, 2000, with paranoid schizophrenia. (Hrg.).

Plaintiff seeks $25 million for humiliation, discomfort, frustration, aggravation, stress, and anguish because plaintiff believed that he was being disrespected and that officials were getting back at him for his 2005 lawsuit against Officer Smith who said over the loudspeaker that plaintiff had HIV, and because he was arrested in municipal court, which was not proper. (Docs. 1, 4 & Hrg.). When questioned by the Court about an injury, plaintiff stated that he sustained no cuts, lacerations, or abrasions during his

incarceration at the jail.  (Hrg.).  Plaintiff is bringing his action under the United States

Constitution (42 U.S.C. § 1983), Alabama's Constitution, and the Americans with

Disabilities Act (42 U.S.C. § 12132).   (Doc. 1 at 1-2 & 12; Doc. 4).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing

plaintiff's allegations (Docs. 1, 4 & hrg.) under 28 U.S.C. § 1915(e)(2)(B).[1]  Under §

1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis

in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).

A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from

suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does

not exist.  *Id.*  Judges are accorded "not only the authority to dismiss [as frivolous] a

claim based on indisputably meritless legal theory, but also the unusual power to pierce

the veil of the complaint's factual allegations and dismiss those claims whose factual

contentions are clearly baseless."  *Id.*  Moreover, a complaint may be dismissed under 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

*See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that §

1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  To avoid

---

[1]The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made
many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity
and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct.
1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534
U.S. 1044 (2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal
under § 1915(e)(2)(B) is now mandatory.  *Bilal*, 251 F.3d at 1348-49.

dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 1966 (second brackets in original). "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient for grounds for entitlement to relief. *Id.* at 1959. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007).

**III. Discussion.**

    **A. Application of 42 U.S.C. § 1997e(e).**

    Plaintiff was a prisoner when he filed this action. Therefore, his action is subject to the provisions of 42 U.S.C. § 1997e(e), which states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Hughes v. Lott,* 350 F.3d 1157, 1158 (11th Cir. 2003) (applying § 1997e(e) to § 1983 actions); *Cassidy v. Indiana Dept. of Corrections,* 199 F.3d 374, 376 (7th Cir. 2000) (applying § 1997e(e) to an ADA action because the plain language of the statute provides that "[n]o Federal civil action may be brought by a prisoner" without an exception being

carved out by Congress).[2]  In order for a prisoner to recover for a mental or emotional injury suffered while in custody, the prisoner must establish that he suffered a physical injury that is greater than *de minimis*.  42 U.S.C. § 1997e(e); *see Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312 (11th Cir. 2002) (holding physical injuries must be more than *de minimis*); *Harris v. Garner,* 190 F.3d 1279, 1286-87 (11th Cir. 1999) (adopting the Eighth Amendment's definition of physical injury which requires that the injury be more than *de minimis* and finding that a "dry shave" did not constitute an injury that was more than *de minimis*), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (*en banc*); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (finding that a bruised ear which lasted for three days was *de minimis*).  In the present action, plaintiff only alleges that he endured humiliation, discomfort, frustration, aggravation, stress, and anguish, and stated that he has no physical injury connected to these assertions of mental and emotional suffering.  (Hrg., *see* Docs. 1 & 4).

Plaintiff also has not specified the type of damages that he is seeking except that the damages are in the amount of $25 million.  Because there is no physical injury associated with his claims for mental and emotional harm, § 1997e(e) precludes a recovery for compensatory damages and punitive damages.[3]  *Smith v. Allen,* 502 F.3d 1255, 1271 (11th Cir. 2007).  Nominal damages, however, may be recovered where there

---

[2]The ADA is applied to prisons.  *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 209-10, 118 S.Ct. 1952, 1954-55 (1998).

[3]Punitive damages are also not available under the ADA.  *Barnes v. Gorman,* 536 U.S. 181, 190, 122 S.Ct. 2097, 2103 (2002).

is a violation of a constitutional right without actual injury. *Hughes,* 350 F.3d at 1162; *see Carey v. Piphus,* 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54 (1978) (holding if plaintiffs were entitled to nominal damages for the mere violation, the damages should not exceed one dollar); *Kyle v. Patterson,* 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."). But plaintiff does not state that he wants nominal damages, and his $25 million request, which he reiterated at the hearing, is inconsistent with a nominal damages request. *See Ringgold v. Federal Bureau of Prisons,* No. 07-2733, 2007 WL 2990690, at *5 & n.5 (D.N.J. 2007) (unpublished) (dismissing the complaint under § 1997e(e) because the alleged injury was *de minimis* and the plaintiff sought "compensatory damages 'in an amount not less than $2,000,000' . . . and expresse[d] no interest in nominal damages").

Thus, the Court concludes that 42 U.S.C. § 1997e(e) prevents plaintiff from recovering on his federal claims. Therefore, plaintiff's federal claims are due to be dismissed without prejudice for failure to state a claim upon which relief can be granted. *Harris v. Garner,* 216 F.3d 970, 980 (11th Cir. 2000) (holding that dismissal of an action pursuant to § 1997e(e) is to be "without prejudice").

**B. Defendants' Lack of Legal Existence.**

An alternate basis for dismissal of plaintiff's federal claims is that plaintiff named as defendants entities that are not capable of being sued - Mobile County Sheriff's Department and Mobile County Jail Medical Care Unit. In order to bring a viable claim,

the defendant sued must be an entity that is subject to being sued.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity of a party to be sued is "determined by the law of the state in which the district court is held. . . ."  Fed.R.Civ.P. 17(b); *see Dean*, 951 F.2d at 1214.

"Sheriff's departments and police departments are not usually considered legal entities subject to suit."  *Id.*  In Alabama, a sheriff's department does not have the capacity to be sued.  *Id.*; *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993); *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991).

Under Alabama law, the sheriff, or a jailer who is appointed by the sheriff, "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ."  ALA. CODE § 14-6-1.  Generally, a sheriff's department operates a county jail. Because an Alabama sheriff's department lacks the capacity to be sued, then, it follows that the jail likewise lacks the capacity to be sued.  *Russell v. Mobile County Sheriff,* No. Civ. A. 00-0410-CB-C, 2000 WL 1848470, at * 2 (S.D. Ala. Nov. 20, 2000) (unpublished) (finding that the Mobile County Jail is not a suable entity); *Marsden v. Federal Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y. 1994) (finding that the jail is not an entity amenable to suit); *House v. Cook County Dept. of Corrections*, No. 98 C 788, 1998 WL 89095, at *2 (N.D. Ill. Feb. 13, 1998) (unpublished) (same); *May v. North County Detention Facility*, No. C 93-1180 BAC, 1993 WL 300290,  at *2 (N.D. Cal. July 21, 1993) (unpublished) (same); *see also Castillo v. Cook Co. Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993) (finding that because the jail is not a suable entity, then it follows

9

that the subdivision, the mail room, is not a suable entity).

The Court's reasoning concerning the jail applies equally to Mobile County Jail Medical Care Unit, apparently a subdivision of the jail.  Based on plaintiff's allegations, this medical defendant does not appear to be a distinct legal entity that is subject to suit. *Russell,* 2000 WL 1848470, at * 2; *Harris v. Fairman,* No. 94 C 3883, 1995 WL 151806, at * 6 (N.D. Ill. Mar. 31, 1995) (jail medical staff); *Jefferys v. Department of Corrections*, No. 94 CIV 2942 (VLB), 1994 WL 702752, at *1 (S.D.N.Y. Dec. 13, 1994) (jail medical staff); *Johnson v. Sheahan,* 94 C 618, 1994 WL 494803, at *1 (N.D. Ill. Sept. 8, 1994) (jail medical staff); *Merrell v. Dukes,* No. 85-2556, 1985 WL 3566, at *1 (E.D. Pa. Nov. 5, 1985) (prison medical staff).

Therefore, the Court determines that the federal claims against defendants Mobile County Jail Medical Care Unit and Mobile County Sheriff's Department are frivolous as a matter of law and are due to be dismissed on this alternate basis.

### C.  Supplemental Jurisdiction.

Plaintiff claims that his rights under Alabama's Constitution have been violated. (Doc. 1).  District courts, however, have been advised to dismiss state law claims when no federal claims remain in the action.  28 U.S.C. § 1367(c)(3); *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."); *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000) (recommending that supplemental jurisdiction be declined because there are no federal claims remaining in the

action).  Because it is recommended that plaintiff's federal claims be dismissed, it is recommended that plaintiff's unidentified state law claims be dismissed without prejudice and the Court's supplemental jurisdiction not be exercised.

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that plaintiff's federal claims be dismissed with prejudice, as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that the state law claims be dismissed without prejudice.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 2nd day of May, 2008.

**s/WILLIAM E. CASSADY**
**UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a

dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE